Filed 12/3/21  Wallace v. Wells Fargo & Company CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| LARRY WALLACE, | H046251 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 17-CV317775) |
| v. | |
| WELLS FARGO & COMPANY et al., | |
| Defendants and Appellants. | |

In October 2017, respondent Larry Wallace filed suit against appellants Wells Fargo & Company and Wells Fargo Bank, N.A. (collectively, Wells Fargo, or the bank). Wallace alleged that Wells Fargo improperly charged overdraft fees on nonrecurring debit card charges resulting from Wallace's use of a debit card to pay for rides furnished by Uber.  The claims were asserted on behalf of himself and on behalf of a class of Wells Fargo accountholders similarly situated.  Wells Fargo filed a motion to compel arbitration of the dispute and to stay litigation (the motion) pursuant to section 1292.4 of the Code of Civil Procedure.[1]  The bank contended that the lengthy Consumer Account Agreement (hereafter, the Consumer Agreement) governed the dispute and required that it be submitted to arbitration.  Wells Fargo argued that the Consumer Agreement contained an arbitration provision—labeled in the Consumer Agreement as an "Arbitration Agreement"—under which Wallace was required to submit his claims to arbitration.

---

[1] Further unspecified statutory references are to the Code of Civil Procedure.

(Hereafter, we refer to the two pages of text of the Consumer Agreement concerning the parties' agreement to arbitrate as the Arbitration Provision.) The trial court denied the motion to compel arbitration. It held that (1) the Arbitration Provision did not clearly and unmistakably delegate arbitrability to the arbitrator, and therefore the court was required to address arbitrability; (2) the Arbitration Provision prohibited Wallace from seeking public injunctive relief and was therefore in violation of the law under *McGill v. Citibank, N.A.* (2017) 2 Cal.5th 945 (*McGill*); and (3) under the terms of the Arbitration Provision, the entire provision was therefore unenforceable.

On appeal from that order, Wells Fargo makes five contentions: (1) under the terms of the Arbitration Provision, all issues of arbitrability were clearly and unmistakably delegated to the arbitrator, and the court should not have addressed the gateway issue of whether the Arbitration Provision was unenforceable; (2) because Wallace did not seek a public injunction, the court erred in applying *McGill*; (3) the court misinterpreted the Arbitration Provision in that it did not prevent a plaintiff from seeking public injunctive relief in court; (4) even if the Arbitration Provision were construed as prohibiting injunctive relief in all forums, the Federal Arbitration Act preempted *McGill* and required that the Arbitration Provision be enforced according to the parties' agreement; and (5) even if the court properly concluded that *McGill* rendered part of the Arbitration Provision unenforceable, that portion was severable, allowing the remainder of the clause to be enforced.

Based upon the parties' stipulation, we will dismiss the appeal.

## I.    PROCEDURAL BACKGROUND

### A.    Complaint

On October 19, 2017, Wallace filed a complaint against Wells Fargo alleging five causes of action. The complaint alleged claims for declaratory relief, including a request for a permanent injunction, breach of contract, violation of the Consumer Legal

2

Remedies Act (Civ. Code, § 1750 et seq.; CLRA), violation of the Unfair Competition Law (Bus. & Prof. Code, § 17200; UCL), and fraud (Code Civ. Proc., § 1281.2).

It was alleged in the complaint that (on a date unspecified) Wallace became a Wells Fargo customer and entered into a Consumer Agreement.[2]  The Consumer Agreement provided that Wells Fargo would "not authorize or assess overdraft fees on any one-time debit card transactions initiated on insufficient funds."  On or about February 24, 2016, Wallace made a one-time payment using his Wells Fargo debit card for an Uber ride.  Notwithstanding the fact that Wallace did not elect to receive Wells Fargo's debit card overdraft service and did not "consent[] to the authorization of one-time transactions for Uber rides that were initiated on insufficient available funds," Wells Fargo authorized the one-time Uber transaction even though it knew this would result in overdraft fees for other transactions (i.e., two check transactions).  Had Wells Fargo properly treated the Uber debit as a one-time transaction, it would not have been authorized, and an overdraft fee could not have been charged under the Consumer Agreement.

Wallace alleged that he was bringing the action on behalf of himself and on behalf of those similarly situated.  He described that class as being Wells Fargo checking/money market account holders who had not opted in to receive debit card overdraft services and "who, within the applicable statute of limitations preceding the filing of this lawsuit, incurred one or more Overdraft Fees as a result of one-time debit card transactions [that] were authorized on insufficient funds."

In the first cause of action, Wallace sought a declaration of rights to the effect that Wells Fargo was not allowed to charge overdraft fees for Uber and Lyft one-time transactions in the case of customers who had not opted into the bank's overdraft

---

[2] Documents accompanying the motion disclose that Wallace became a bank customer in December 2015.

3

program.  He also requested a permanent injunction prohibiting Wells Fargo from engaging in such practice.  Wallace alleged in the second cause of action that Wells Fargo breached the Consumer Agreement when it authorized his Uber transaction and charged overdraft fees.  In the third cause of action, he alleged that Wells Fargo's "representation that it does not authorize, or charge customers overdraft fees, on one-time debit transactions initiated on insufficient funds for those account holders that did not opt in to the Debit Card Overdraft Service constitutes a deceptive and misleading business practice in violation of the CLRA."  Wallace claimed in the fourth cause of action that Wells Fargo's conduct constituted an unlawful business act or practice in violation of the UCL.  And in the fifth cause of action pursuant to section 1281.2, he alleged that Wells Fargo made a fraudulent promise that it would not assess overdraft fees for one-time transactions unless the customer opted in to the overdraft service, and that the contractual relationship between the bank and Wallace and the class members was based upon that fraudulent promise.

### B. Motion to Compel Arbitration

On March 23, 2018, Wells Fargo filed a motion to compel arbitration, including the Consumer Agreement as an exhibit to the motion.  Wells Fargo argued that the Consumer Agreement contained an Arbitration Provision that was broad enough to include the claims asserted in the complaint, and that therefore Wallace was required to arbitrate those claims.  Wells Fargo argued further that the Arbitration Provision did not prevent Wallace from seeking a public injunction by a court action, and that therefore he could not resist arbitrating the claims alleged in the complaint by invoking *McGill*, *supra*, 2 Cal.5th 945.

Wallace opposed the motion.  He argued, inter alia, that the " 'gateway' issue of arbitrability" should be resolved by the court because "the purported delegation [of

4

arbitrability] to the arbitrator is (1) not clear and unmistakable, and (2) is both procedurally and substantively unconscionable."

After hearing argument, the court denied the motion to compel arbitration by order filed August 7, 2018. In its order, the court concluded that (1) under the Arbitration Provision, the court, rather than the arbitrator, decides the question of arbitrability because the parties did not express a clear and unmistakable intent to delegate arbitrability to the arbitrator; (2) the Arbitration Provision unlawfully required the waiver of the right to seek public injunctive relief in violation of California law under *McGill*, *supra*, 2 Cal.5th 945; and (3) the entire Arbitration Provision was "unenforceable by its own terms" because the arbitration clause contained a provision declaring that if any provision that " 'related to a class action, class arbitration, private attorney general action, other representative action, joinder, or consolidation is found to be illegal or unenforceable, the entire Arbitration [Provision] will be unenforceable.' "

Wells Fargo filed a timely notice of appeal from the order denying the petition to compel arbitration. (See § 1294, subd. (a) [order denying or dismissing petition to compel arbitration appealable].)

## II. DISCUSSION

### A. Stipulation for Dismissal of Appeal

The notice of appeal was filed in this case on September 26, 2018. On January 28, 2021—long after the filing of the appellate record, and after (1) completion of all briefing, (2) this court having expended significant time and resources on the case (see *Fox Searchlight Pictures, Inc. v. Paladino* (2001) 89 Cal.App.4th 294, 300, fn. 4), and (3) the scheduling of oral argument—the parties filed a joint motion for an order remanding the case to the trial court for approval of a class action settlement. That motion was denied. Thereafter, pursuant to the parties' joint motion, this court ordered that oral argument be vacated, and it ordered the appeal stayed pending the superior court's consideration of class action settlement approval proceedings in the superior

5

court.  On November 22, 2021, the parties filed a stipulation to dismiss the appeal that was signed by the parties' respective counsel.  It included a recital that neither party would recover his/its respective costs and a request that the remittitur issue forthwith. We exercise our discretion to grant the parties' application to accept the stipulation to dismiss.  (See Cal. Rules of Court, rule 8.244(c)(2).)

### III.    DISPOSITION

The appeal filed by Wells Fargo is dismissed pursuant to the stipulation of the parties.  Each party shall bear his/its respective costs on appeal.  The remittitur shall issue forthwith.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
GROVER, J.

*Wallace v. Wells Fargo Bank*
**H046251**